# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA Q. MAURICE<br><br>Plaintiff,<br><br>vs.<br><br>TOTAL TRANSPORTATION OF MISSISSIPPI, LLC and<br>U.S. EXPRESS LEASING, INC.<br><br>Defendants. | CIVIL ACTION NO:<br><br><br><br><br><br>JURY TRIAL DEMANDED<br><br>ELECTRONICALLY FILED |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA:

Defendants, Total Transportation of Mississippi, LLC and U.S. Xpress Leasing, Inc., (improperly identified as U.S. Express Leasing, Inc. in the caption) (hereinafter referred to collectively as "Defendants"), by and through their attorneys, Rawle & Henderson LLP, respectfully aver as follows:

1. On September 21, 2018, Plaintiff filed a Praecipe for Writ of Summons in the Court of Common Pleas of Cumberland County, Pennsylvania.

1

2

2. Thereafter, on September 27, 2018, Defendants filed a Praecipe for Rule to File Complaint.

3. Thereafter, Plaintiff filed her Complaint in the Court of Common Pleas of Cumberland County, Pennsylvania on or about November 2, 2018. See **Exhibit A** – Plaintiff's Complaint.

4. On or about November 2, 2018, Defendants were served with Plaintiff's Complaint.

5. This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b) because the Notice of Removal is being filed within thirty (30) days after service of the Complaint. Moreover, this Removal is being filed within thirty (30) days after the Complaint was filed in state court.

6. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship.

7. This action is subject to removal pursuant to 28 U.S.C. §1441.

8. Plaintiff's Complaint alleges that she suffered various injuries and damages as a result of a March 26, 2017 motor vehicle accident that occurred in Middleton Township, Cumberland County, Pennsylvania. See generally, **Exhibit A**.

9. In Plaintiff's Complaint, Plaintiff demands judgment against Defendants, for compensatory damages, specifically alleging, *inter alia*:

24. As a direct and proximate result of the accident and the Defendants' conduct, Ms. Maurice suffered physical and personal injuries, all caused by the negligence and carelessness of Defendant (sic), including the following:
   a. Hepatic laceration involving segment IVb;
   b. Left renal laceration in the upper pole and interpolar region; of the left kidney extending to the capsule;
   c. Hyponatremia;
   d. Hypomagnesemia;
   e. Hyperphosphatemia;
   f. Acute blood loss anemia;
   g. Abrasions to the right hand;
   h. Forehead abrasion;
   i. Pain in back; and
   j. Continued pain and suffering.

25. As a direct and proximate result of the injures (sic) described herein, Plaintiff, Cassandra Maurice, suffered great pain and discomfort, sustained medical and other expenses, including her deductible of $500.00, with her automobile insurer, and loss of earnings and future earnings, and was required to seek medical attention, all to her detriment and loss, which are claimed as damages herein, as well as damages allowed by Pennsylvania law.

26. As a direct and proximate result of the injuries described herein, Plaintiff Cassandra Maurice has been unable to enjoy the usual activities of life of a physically active individual her age, and has suffered a loss of enjoyment of life, loss of happiness, pain, suffering and emotional upset.

27. As a direct and proximate result of the injuries sustained, and the negligence of the Defendants, Plaintiff Cassandra Maurice is at risk for future medical complications and may, in the future, suffer additional medical symptoms, expenses, losses and damages, including pain, suffering, emotional upset and the loss of life's pleasures, which are claimed as damages, together with all other damages allowed by law.

WHEREFORE, Plaintiff, Cassandra Maurice, demands judgment in her favor against Defendants, for an amount which exceeds the jurisdictional

amount requiring arbitration pursuant to Pa. R.Civ.P 1021(c), together with interest, medical costs and expenses, property damage to her vehicle, lost wages, cost of suit, delay damages, and all damages permitted under Pennsylvania law.

See **Exhibit A** at paragraphs 24-27 and "Wherefore Clause."

10. A defendant's right to remove is determined according to allegations of the complaint at the time the defendant files the notice of removal. Keene Corp. v. United States, 508 U.S. 200, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993); Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 348-49, 83 L.Ed. 334 (1939).

11. In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court. Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 -399 (3d Cir. 2004); Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993) (citing Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961)) (As a general rule, the court must decide the amount in controversy from the complaint itself).

12. Plaintiff's Complaint sets forth multiple claims in excess of the jurisdictional limit of $75,000. See generally, **Exhibit A**.

13. At all times material hereto, Defendant, Total Transportation of Mississippi, LLC, had a principal place of business located at 125 Riverview Drive, Richland, Rankin County, Mississippi 39218 and was a limited liability corporation organized under the laws of Mississippi.

14. At all times material hereto, the members of Defendant Total Transportation of Mississippi, LLC, were John Stomps, an adult individual and Mississippi resident, and Transportation Investments, Inc., a Mississippi corporation located at 125 Riverview Drive, Richland, Rankin County, Mississippi 39218.

15. Therefore, Defendant Total Transportation of Mississippi, LLC is deemed to be a citizen of the State of Mississippi.

16. At all times material hereto, Defendant, U.S. Xpress Leasing, Inc., had a principal place of business located at 4080 Jenkins Road, Chattanooga, Hamilton County, Tennessee 37421-1174, and is a corporation organized under the laws of Tennessee and thus is deemed to be a citizen of the State of Tennessee.

17. At all times material hereto, Plaintiff Cassandra Q. Maurice, is and was a citizen of the Commonwealth of Pennsylvania, residing at 331 North 21st Street, Apartment #3, Camp Hill, Cumberland County, Pennsylvania 17011.

18. Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between the Plaintiff and the Defendants since:

   (a) Plaintiff is a citizen and resides in the Commonwealth of Pennsylvania

   (b) Defendants are not citizens of the Commonwealth of Pennsylvania.

12223064-1

19. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that Defendants are entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446.

20. Venue is properly laid in this district because the action sought to be removed is pending in this district. 28 U.S.C. §1446 (a).

21. Written notice of this Notice of Removal is being given to Plaintiff's counsel as required by law.

22. Pursuant to 28 U.S.C. §1146(d), a copy of this Notice of Removal is being filed with the Prothonotary of the Court of the Common Pleas of Cumberland County.

WHEREFORE, Defendants, Total Transportation of Mississippi, LLC and U.S. Xpress Leasing, Inc. (improperly identified as U.S. Express Leasing, Inc. in the caption), ask this Honorable Court to remove the above-captioned action now pending in the Court of Common Pleas of Cumberland County, Pennsylvania, to be heard therefrom by this Honorable Court.

RAWLE & HENDERSON LLP

By: _____
Gary N. Stewart, Esquire
Attorney I.D. No. 67353
David R. Chludzinski, Esquire

6

|  |  |
|---|---|
|  | Attorney I.D. No. 200702 |
|  | Payne Shoemaker Building |
|  | 240 N. Third Street, 9th Floor |
|  | Harrisburg, Pennsylvania 17101 |
|  | gstewart@rawle.com |
|  | (717) 234-7700 |
| Dated:  November 28, 2018 | Attorneys for Defendants |

## **CERTIFICATE OF SERVICE**

I hereby certify that on today's date, a true and correct copy of the Notice of Removal was served by first-class mail, postage prepaid, upon all attorneys of record, addressed as follows:

David B. Dowling, Esq.
CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.
P.O. Box 60457
Harrisburg, PA 17106-0457
Attorneys for Plaintiff

RAWLE & HENDERSON LLP

By: _____
      Gary N. Stewart, Esquire

Dated: November 28, 2018

12223064-1